UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRYAN M. WARD,                                    Case No. 1:14-cv-872
        Plaintiff,

                                                  Dlott, J.
    vs.                                           Litkovitz, M.J.

DONALD MORGAN, *et al.*,                          **REPORT AND**
        Defendants.                               **RECOMMENDATION**

        Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), appearing pro se,

brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his

constitutional rights by SOCF employees.[1]  This matter is before the Court on defendants'

motion for summary judgment (Doc. 16), plaintiff's response in opposition (Doc. 20), and

defendants' reply memorandum (Doc. 21).[2]

    **I.  Background**

        Plaintiff alleges he warned defendants through the issuance of kites that he was in danger

of being assaulted by other inmates at SOCF.  Plaintiff further alleges he was subsequently

assaulted by SOCF inmates on August 30, 2014.  Plaintiff alleges that defendants' failure to

respond to his warning or grant his requests to be placed in protective custody amounts to

deliberate indifference in violation of his constitutional rights.  Plaintiff also alleges that he has

---

[1] The defendants in this matter are Warden Donald Morgan, Ms. Davis, case worker Kevin Parker, unit manager Brian Nolan, and SOCF Institutional Inspector Mrs. L. Mahlman. *See* Doc. 7.

[2] On March 30, 2015, after defendants' filed their reply memorandum, plaintiff filed a "reply in support of his first motion for summary judgment." (Doc. 22). The Court construes plaintiff's memorandum as a sur-reply to defendants' reply memorandum. The Local Rules provide for the filing of a memorandum in opposition of a motion and a reply memorandum only; additional memoranda are not "permitted except upon leave of court for good cause shown." S. D. Ohio Civ. R. 7.2(a)(2). Plaintiff did not seek leave to file his sur-reply. Consequently, it is not properly before the Court and has not been considered in ruling on defendants' motion for summary judgment. In any event, plaintiff's sur-reply essentially reiterates the arguments raised in his response brief and includes no evidentiary attachments. Thus, even if the Court were to consider the memorandum, it would not affect the undersigned's ultimate recommendation on defendants' motion for summary judgment.

exhausted his administrative remedies with respect to the August 30, 2014 assault and

defendants' failure to provide him adequate protection at SOCF. (Doc. 7).

Defendants move for summary judgment asserting that plaintiff failed to exhaust his

administrative remedies prior to filing this lawsuit. Defendants contend they are entitled to

judgment as a matter of law and plaintiff's suit should be dismissed pursuant to the Prison

Litigation Reform Act (PLRA), 42 U.SC. § 1997e(a). (Doc. 16). In support, defendants have

submitted the affidavit of Linnea Mahlman, the Inspector of Institutional Services for SOCF.

(Doc. 16, Ex. A, Mahlman Declaration). Ms. Mahlman attests that every SOCF inmate is given

both written and oral instructions on the inmate grievance procedure and that informal complaint

forms are available to all inmates, even those in segregation. (*Id.*, ¶¶ 7-8). As the Inspector of

Institutional Services, Ms. Mahlman is responsible for investigating formal grievances filed by

SOCF inmates and she attests that she has reviewed plaintiff's grievance file. (*Id.*, ¶¶ 2, 9). Ms.

Mahlman attests that for the duration of his incarceration at SOCF, plaintiff has filed only

informal complaints and formal grievances but has never filed a grievance appeal with the Office

of the Chief Inspector. (*Id.*, ¶¶ 10-11). Ms. Mahlman further attests plaintiff has never filed a

direct grievance against herself or defendant Morgan. (*Id.*, ¶ 10).

Attached to Ms. Mahlman's affidavit are copies of several informal complaints and two

Notification of Grievance forms submitted by plaintiff, and SOCF's response to the two

Notifications of Grievance.[3] (Doc. 16, Ex. A, Att. 1). This attachment includes a September 4,

2014 informal complaint regarding the alleged assault on plaintiff by other SOCF inmates on

August 30, 2104, and plaintiff's claim that he warned Warden Morgan and defendant Parker of

_____

[3]Defendants have submitted copies of informal complaints that are irrelevant to the constitutional claims
raised by plaintiff. For example, defendants have submitted a May 25, 2014 informal complaint that relates to
infirmary co-pay costs and a December 15, 2014 informal complaint regarding the prison's cashier. *See* Doc. 16,
Ex. A, Att. 1 at 1, 5. This Report and Recommendation will discuss only those attachments which are relevant to

this danger prior to the assault. (*Id*. at 2). Plaintiff was apparently dissatisfied with SOCF's response to this informal complaint and filed a Notification of Grievance that is stamped "Received: Sep 29 2014" by the SOCF Inspector. (*Id*. at 3). On October 1, 2014, Ms. Mahlman issued a Disposition of Grievance denying plaintiff's formal grievance. (*Id*. at 4). Defendants' attachment also includes January 28 and February 18, 2015 informal complaints that relate to alleged retaliation and harassment by defendants Davis, Parker, and Nolan. (*Id*. at 6-7, 9). Plaintiff filed a Notification of Grievance on February 3, 2015 regarding the January 2015 informal complaint that was denied on February 13, 2015.[4] (*Id*. at 7-8).

In response, plaintiff argues that summary judgment is inappropriate because he attempted to exhaust his administrative remedies by utilizing the ODRC grievance process. Plaintiff maintains, however, that SOCF officials failed to respond to his grievances and therefore his claims are not subject to dismissal. Plaintiff further maintains that he has given evidence to the Court that "should be enough proof" of his claims to overcome defendants' summary judgment motion. (Doc. 20).

Defendants reply that plaintiff's response "provides no details about his unsuccessful attempts to use the grievance procedure and is not supported by any evidence. Accordingly, it is insufficient to overcome [their] properly supported [motion for summary judgment]. . . ." (Doc. 21 at 2). Defendants reiterate that they are entitled to summary judgment because the undisputed evidence establishes that plaintiff did not exhaust his administrative remedies prior to filing this lawsuit. (*Id*. at 2-4).

---

plaintiff's lawsuit.

[4]Ms. Mahlman's response in the Disposition of Grievance notes that plaintiff chose not to appeal the denial

## II. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)).

In response to a properly supported summary judgment motion, the non-moving party "is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989) (quoting *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). However, a district court need not view the facts in the light most favorable to the nonmoving party if that party's version of events is "blatantly contradicted by the record, so that no reasonable jury could believe it. . . ." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

A principal purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex*, 477 U.S. at 323-24. The moving party need not support his motion with evidence disproving the opposing party's claims. Rather, the moving party need only point out there is an absence of evidence supporting such claims. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex*, 477 U.S. at 325). Nor must the Court

---

of his September 29, 2014 formal grievance. (*Id*. at 8).

4

search the entire record for material issues of fact. *Street*, 886 F.2d at 1479-80. The Court need only determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

### III. Resolution

Exhaustion of administrative remedies "is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). "[A] prisoner confined in any jail, prison, or other correctional facility" is barred from filing a lawsuit alleging constitutional violations under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532.

The PLRA exhaustion requirement means prisoners must carry out "proper exhaustion" of a grievance. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To properly exhaust a claim, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (quoting *Woodford*, 548 U.S. at 90). "Proper exhaustion [further] demands compliance with an agency's deadlines . . . ." *Woodford*, 548 U.S. at 90. Proper exhaustion serves the necessary interest of providing "fair

notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009) (citing *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006), *cert. denied*, 549 U.S. 1245 (2007)).

The procedure established for resolving inmate complaints in Ohio, codified in Ohio Admin. Code § 5120-9-31, involves a three-step process. First, the inmate is required to file an informal complaint with the direct supervisor of the staff member within fourteen days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(K)(1). Second, if the inmate is unsatisfied with the response to his informal complaint he may file a formal grievance with the inspector of institutional services at his institution of confinement. Ohio Admin. Code § 5120-9-31(K)(2). The inspector of institutional services is required to provide a written response to the inmate's grievance within fourteen calendar days of receipt of the grievance. *Id*. If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file an appeal to the office of the chief inspector within fourteen days of the disposition of the formal grievance. Ohio Admin. Code § 5120-9-31(K)(3).

Defendants are entitled to summary judgment because there is no genuine dispute of material fact about whether plaintiff pursued step three of the ODRC grievance process and, therefore, failed to exhaust his administrative remedies. Under step three, plaintiff was required to appeal to the office of the chief inspector within two weeks of receiving responses to his step two formal grievances. Ohio Admin. Code § 5120-9-31(K)(3). The chief inspector may waive the time limit for appeal for good cause shown. *Id*. Although plaintiff asserts that he "received no response" to his informal complaints or Notifications of Grievances, the undisputed evidence submitted by defendants establishes that plaintiff received timely responses to his informal

Case: 1:14-cv-00872-SJD-KLL Doc #: 24 Filed: 09/03/15 Page: 7 of 9 PAGEID #: 125


complaints and formal grievances but did not appeal SOCF's denial of his grievances as required by step three of the grievance process. Notably, plaintiff does not address this evidence whatsoever in his opposition to defendants' motion for summary judgment. As it is undisputed that plaintiff did not file appeals to the chief inspector before he filed this lawsuit, he has failed to exhaust his administrative remedies under the PLRA and defendants are entitled to summary judgment. *See Harris v. Battle*, No. 1:12-cv-940, 2013 WL 5389240, at *5 (S.D. Ohio Sept. 25, 2013) (Report and Recommendation), *adopted*, 2013 WL 5755416 (S.D. Ohio Oct. 23, 2013) (granting summary judgment in favor of defendant where undisputed facts established that plaintiff had failed to complete step three of the ODRC grievance process).[5]

To the extent plaintiff contends he could not complete the grievance process because SOCF officials failed to respond at steps one and two, making further administrative remedies unavailable or futile, this argument is unavailing. "To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available" or the procedure is futile. *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (citing *Brock v. Kenton Cty.*, 93 F. App'x 793, 798 (6th Cir. 2004); *Pack v. Martin*, 174 F. App'x 256, 262 (6th Cir. 2006)). Plaintiff was therefore required to continue to the third step of the grievance process. *Id*. *See also Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citation omitted) ("an inmate cannot simply fail to file a grievance or *abandon the process before completion* and claim that he has exhausted his remedies or that it is futile for him to do so. . . .") (emphasis added). Plaintiff should have filed appeals to the ODRC chief inspector under the third step of the inmate grievance procedure despite the alleged failure of SOCF prison officials to respond to his earlier filings. Plaintiff's failure in this regard establishes that he did not

---

[5]Notably, unlike plaintiff here, the *Harris* plaintiff had attempted to pursue the third step of the grievance process but because he did so imperfectly, his efforts were deemed non-exhaustive. *Id*. at *5.

exhaust his administrative remedies.

For the reasons stated above, the undersigned concludes that there is no genuine dispute as to any material fact regarding plaintiff's non-exhaustion of his administrative remedies and defendants are therefore entitled to summary judgment.

### IV. Conclusion

**IT IS RECOMMENDED** that defendants' motion for summary judgment (Doc. 16) be **GRANTED** and that this case be dismissed on the docket of the Court.

Date: 9/3/15

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BRYAN M. WARD,                                                    Case No. 1:14-cv-872
      Plaintiff,

                                                    Dlott, J.
      vs.                                                        Litkovitz, M.J.

DONALD MORGAN, *et al.*,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).